IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 1:41 pm, May 29, 2019*

EDDIE FRANK FLOYD, III,

  Plaintiff,

  v.

JAKELIA BATEMAN, et al.,

  Defendants.

CIVIL ACTION NO.: 6:18-cv-54

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action under 42 U.S.C. § 1983 while incarcerated at Smith State Prison in Glennville, Georgia, in order to contest certain conditions of confinement.  Doc. 1.  On June 28, 2018, this Court deferred ruling on Plaintiff's Motion to Proceed *in Forma Pauperis* and directed Plaintiff to file an Amended Complaint.  Doc. 5.  The Court received Plaintiff's Amended Complaint on July 30, 2018.  Doc. 6.  For the reasons set out below, I **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 7, and **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice** for failure to follow a Court Order.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).  A magistrate judge's report and recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).  This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Additionally, a plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

---

to be dismissed.  As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

2

Fed. R. Civ. P. 20(a).  Notably, Rule 10 of the Federal Rules of Civil Procedure requires parties to state claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and bring "each claim founded on a separate transaction or occurrence" in a separately numbered count.  Fed. R. Civ. P. 10.  Rules 8 and 10 are "supposed to work in tandem 'to require the pleader to present his claims discretely and succinctly, so that (1) his adversary can discern what he is claiming and frame a responsive pleading, and (2) the court can determine which facts support which claims, and whether the plaintiff has stated any claims upon which relief can be granted.'"  Fotse v. LendingHome Funding Corp., No. 1:18-cv-03181, 2018 WL 7019359, at *3 (N.D. Ga. Sept. 11, 2018) (quoting Fikes v. City of Daphne, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  Further, a claim is frivolous under

§ 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal, 251 F.3d at 1349).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## BACKGROUND

Plaintiff filed this action, along with a Motion to Proceed *in Forma Pauperis*, on April 30, 2018.[2] Docs. 1, 2. Plaintiff's original Complaint named 127 Defendants, set forth unrelated allegations, and failed to make clear "which claims corresponded with which Defendants." Doc. 5 at 1, 3. On June 28, 2018, this Court deferred ruling on Plaintiff's Motion to Proceed *in Forma Pauperis*, finding it impossible to "determine whether Plaintiff states a viable claim given the current condition of his Complaint." Id. However, rather than dismiss Plaintiff's Complaint outright, the Court ordered Plaintiff to submit an Amended Complaint within 14 days of the Court's Order. Id. at 3–5. The Court also provided Plaintiff a detailed list of directives to help guide him in drafting a proper Complaint. Id. at 4–5. The Court cautioned Plaintiff that "fail[ure] to abide by [the Court's] directive[s]" could result in dismissal. Id. at 5.

---

[2]   Plaintiff submitted a duplicative Motion to Proceed *in Forma Pauperis* on July 30, 2018. Doc. 7.

Under the Court's Order, Plaintiff had until July 12, 2018 to submit his Amended Complaint. Id. However, the Court did not receive Plaintiff's Amended Complaint until July 28, 2018. Doc. 6. "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Daker v. Comm'r, Ga. Dep't of Corr., 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009)). Here, while the postmark on the envelope is faint, it appears to read "Mon 23 Jul." [3] Doc. 6 at 9. Moreover, Plaintiff signed his Amended Complaint, as well as the accompanying Certificate of Service and the Verification, on July 14, 2018. Id. at 7–8. Thus, Plaintiff failed to timely file his Complaint or request for an extension.

The Court also ordered Plaintiff to "draft his Amended Complaint on the complaint form provided by the Clerk of Court" and to "clearly caption it as an amendment to the original complaint . . . ." Doc. 5 at 4. Although the Clerk of Court sent Plaintiff another copy of this Court's standard form for pro se § 1983 prisoner actions, Plaintiff merely copied that form onto his own paper. Doc. 6. Plaintiff did explain that he "was not able to send the original complaint" because an officer moved him and confiscated his property, including certain legal materials. Doc. 6-1. The Court will construe this liberally to mean that prison officials confiscated Plaintiff's copy of the § 1983 complaint form the Clerk's Office provided. The Court notes, however, that Plaintiff does not explain how, despite the claimed confiscation, he still managed to copy the form in its entirety. Moreover, Plaintiff, instead of circumventing the Court's Order, could have requested another copy of the form from the Clerk's Office and moved for an extension of time to file his Amended Complaint. Finally, instead of "clearly caption[ing]" the document "as an amendment to the original complaint" as ordered by the

---

[3]   July 23, 2018 was, indeed, a Monday.

Court, Plaintiff labeled his Amended Complaint: "Complaint for Violation of Civil Rights." Doc. 6 at 1.

More importantly, Plaintiff's Amended Complaint still suffers from many of the same defects contained in his original Complaint. Compare Doc. 1 & Doc. 5, with Doc. 6; see Muhammad v. Muhammad, 561 F. App'x 834, 835 (11th Cir. 2014) ("Because [plaintiff's] amended complaint was very similar to his original complaint, it is clear that he did not obey the court's order to produce a pleading that complied with federal standards."). First, despite the Court's order to "provide the name of each intended defendant," Plaintiff lists twelve witnesses (including himself) as parties to his Complaint but names as Defendants the "entire Georgia Department of Correction[s]" and "Smith State Prison . . . [f]rom their commissioner [and] warden to their COIs" as well as "offenders . . . housed at this facility." Doc. 5 at 4; Doc. 6 at 1–2. It remains impossible for the Court to determine what Defendants Plaintiff is bringing his action against and which claims relate to which Defendants.[4] Doc. 5 at 3; Doc. 6 at 1–4. Additionally, Plaintiff continues to assert a variety of unrelated claims, most of which allege only legal conclusions, void of necessary facts. Doc. 6 at 2–4.

In his Amended Complaint, Plaintiff asserts that Kentavious Ellis, owner of Locked and Loaded Publications, is stealing his ideas for a book and desires to make a movie based on Plaintiff's ideas without Plaintiff's consent.[5] Id. at 2–3. He contends that "a female staff member" gave Kentavious Ellis his book, and Ellis and other officers are now trying to make a

---

[4]   For example, Plaintiff writes that the prison "[a]dministration, from Commissioner to their COI's, to their offenders" committed a hodgepodge of disparate acts which "violated [his rights under the] First Amendment, Eight[h] Amendment," and the "Fourteenth Amendment['s] . . . Equal Protection [and] Due Process Clause[s]." Doc. 6 at 2–3.

[5]   It is not clear from Plaintiff's Amended Complaint whether Kentavious Ellis is an officer at Smith State Prison, the owner of a publishing company, or both.

6

movie based on Plaintiff's ideas. Id. That unnamed officer told Plaintiff that "she was trying to kill [him] and wanted to give Kentavious Ellis [his] ideas." Id. Plaintiff claims that various unnamed officers, including Kentavious Ellis, would sit by cell doors and allow other inmates to harass Plaintiff and call Plaintiff names and that these officers enter the prison dormitories while "wearing casual clothes' in order to "encourage the offenders" to harass Plaintiff. Id.

According to Plaintiff, officers "passed tape recorders" and "radios around the . . . dormitory to harass [Plaintiff]" and "aimed [security] cameras at [Plaintiff]" to "listen[] to everything [Plaintiff] was doing" and then "discuss[ed] it amongst other staff members and offenders." Id. at 2. Plaintiff avers that unnamed officers "tr[ied] to kill" him by "stalk[ing] him with their cameras even when [he] was asleep to listen to [his] dreams (because [Plaintiff] talks in [his] sleep)." Id. at 3. Plaintiff claims that unnamed "officers who ha[ve] worked" at the prison "went to [his] relatives house using electronic devices, social media, [and] telephone to stalk [Plaintiff]" and to "obtain information about [Plaintiff] to bring back to the institution" to "intimidate" and "harass" Plaintiff. Id. at 2–3. According to Plaintiff, "officers" would "contact[] [his] family over the phone . . . and allow[ed] offenders to talk to them as well." Id. He also claims that officers would "open offenders['] tray flap[s] so that they could ejaculate on them, to arouse them to harass [Plaintiff]." Id.

Additionally, Plaintiff writes that officers "hinder[ed] his legal mail" and denied Plaintiff "store, us[ed] excessive force" and "stopped [Plaintiff] from phasing out of Tier II Administrat[ive] Segregation, den[ied] [him] medical, den[ied] [him] proper clothing, den[ied] [him] protective custody, [and] den[ied] [him] rights to privacy . . . ." Id. Unnamed staff members would also deny Plaintiff diet snacks despite his medical issue and would remove food items from Plaintiff's tray, causing him to lose 12 pounds. Id. at 3. Other officers "tr[ied] to

7

kill" Plaintiff by calling him a "rat," telling him to "die or catch a life," and encouraging him to commit suicide. Id. at 2–3. Plaintiff claims another officer retaliated against Plaintiff for filing a previous lawsuit, though Plaintiff does not provide any details as to the identity of the officer or the nature of the retaliation. Id. He does not name which specific officers are responsible for the concerted reign of harassment he alleges, but he merely writes that other officers or officers "stated that it was Zaneta Floyd, Daysha Brown, Ashley Brown, Taraja Westbrook, and Jalaysia trying to harass" and "intimidate" Plaintiff.[6] Id.

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's directives. For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint **without prejudice**, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

### I.  Dismissal for Failure to Follow this Court's Orders

A district court may dismiss claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). "A district court may *sua sponte* dismiss an action under Fed[eral] R[ules of] Civ[il] P[rocedure] 41(b) for failing to comply with a court order." Muhammad, 561 F. App'x at 836; see also Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for

---

[6]   Oddly, Plaintiff names all five of these individuals as witnesses, not Defendants. Doc. 6 at 1–2.

failure to comply with the Rules or any court order."); Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b))); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice . . . [based on w]illful disobedience or neglect of any order of the Court[.]").

A district court's "power to dismiss an action is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown, 205 F. App'x at 802 (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).  Notably, "the court [is] entitled to consider . . . the long pattern of conduct which amounted to . . . several failures by plaintiffs to obey court rules and orders." Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983); Brown, 205 F. App'x at 802–03 (finding no error in dismissing without prejudice for failure to comply with a court order when plaintiff was warned that failure to comply with the order would result in dismissal and was "given opportunities to amend his complaint according to the court's specific instructions" but "failed to do so"); Hart v. Marlow, No. 15-21257-CIV, 2015 WL 13740729, at *2 (S.D. Fla. July 31, 2015) (dismissing for failure to follow a court order when the plaintiff "knowingly ignored" court orders "instructing him on the filing requirements for his final amended complaint" and "failed to file a final, proper amended complaint"). Moreover, "[d]ismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" Brown, 205 F. App'x at 802 (quoting Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  The Court provided Plaintiff with specific instructions for

9

filing an Amended Complaint, and Plaintiff failed to comply with those instructions. See Forde, 578 F. App'x at 879 (finding that pro se litigants are not excused from complying with court orders directing "the necessary contents and proper structure of [an] amended complaint" simply "by filing a complaint that states a claim against properly-named defendants"); Muhammad, 561 F. App'x at 836 ("[S]ince the district court warned [plaintiff] that his suit would be dismissed if he did not correct the complaint, and provided ample instructions on how to craft a proper pleading . . . it did not abuse its discretion in dismissing the case without prejudice.").

Plaintiff failed to submit a timely Amended Complaint, and the untimely document he did file suffers from almost all of the defects contained in Plaintiff's original Complaint. Despite the Court's willingness to excuse Plaintiff's procedural mistakes and to provide a chance for Plaintiff to submit a proper Amended Complaint in compliance with the Court's directives, Plaintiff has not done so. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) ("A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002))).

Additionally, the Court warned Plaintiff failure to do so may result in the dismissal of his case. Doc. 5 at 5. The Court cannot continue to permit Plaintiff to ignore clear and direct instructions. Indeed, in light of the copious record in this case, doing so would permit Plaintiff to continue his action despite his blatant disregard for the Court's directives. Thus, dismissal without prejudice for failure to comply with the Court's orders is appropriate.

I, therefore, **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, doc. 1, for failure to follow this Court's Orders.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier, 314 F.3d at 531; see also Brown v. United States, Nos. 4:07-cv-085, 4:03-cr-001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 7.  I also **RECOMMEND** the Court **DISMISS** this action **without prejudice** and

**DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of May, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA